UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, doing business as BALBOA CAPITAL CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ESCP CORP., an Iowa corporation,<br><br>　　　　　Defendant. | Case No. 8:24-cv-00096-JWH-DFM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF No. 14]** |

Before the Court is the unopposed motion of Plaintiff Ameris Bank, doing business as Balboa Capital Corporation ("Balboa"), for default judgment against Defendant ESCP Corp.[1]  The Court concludes that this matter is appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support, and in the absence of any opposition,[2] the Court **GRANTS** Balboa's Motion.

## I. BACKGROUND

Balboa commenced this action in January 2024.  The factual allegations in the Complaint are summarized as follows.

ESCP initiated and engaged with Praxair Distribution (the "Equipment Vendor No. 1") to coordinate the acquisition and financing of equipment (the "Collateral No. 1") for its business.[3]  Equipment Vendor No. 1 initiated and coordinated submission of ESCP's electronic credit application to Balboa.[4]  In August 2020, ESCP executed a written Equipment Financing Agreement No. 332195-000 ("Financing Agreement No. 1") with Balboa.[5]  Under Financing Agreement No. 1, Balboa loaned ESCP $69,564.70, and ESCP was required to make 60 monthly payments of $1,618.65.[6]  In December 2023, ESCP breached Financing Agreement No. 1 by failing to make the monthly payment.[7]

---

[1]   Pl.'s Mot. for Default J. Against Def. (the "Motion") [ECF No. 14].

[2]   The Court considered the documents of record in this action, including the following papers:  (1) Compl. (the "Complaint") (including its attachment) [ECF No. 1]; and (2) Motion (including its attachments).

[3]   Complaint ¶ 9.

[4]   *Id.* at ¶ 10.

[5]   *Id.* at ¶ 11; *id.*, Ex. A [ECF No. 1-1].

[6]   *Id.* at ¶ 11.

[7]   *Id.* at ¶ 13.

Balboa declared the entire balance of the payments under Financing Agreement No. 1 to be immediately due and payable to Balboa.[8]

      Before January 2021, ESCP initiated and engaged with Cosen International Inc. (the "Equipment Vendor No. 2") to coordinate the acquisition and financing of certain equipment (the "Collateral No. 2") for its business.[9] Equipment Vendor No. 2 initiated and coordinated submission of ESCP's electronic credit application to Balboa.[10] In January 2021, ESCP executed a written Equipment Financing Agreement No. 332195-001 ("Financing Agreement No. 2") with Balboa.[11] Under Financing Agreement No. 2, Balboa loaned to ESCP $115,780.29, and ESCP was required to make 60 monthly payments of $2,720.40.[12] In December 2023, ESCP breached Financing Agreement No. 2 by failing to make the monthly payment due.[13] Balboa declared the entire balance of the payments under Financing Agreement No. 2 to be immediately due and payable to Balboa.[14]

      Balboa asserts two claims against ESCP: (1) breach of Financing Agreement No. 1; and (2) breach of Financing Agreement No. 2.

---

[8]    *Id.* at ¶ 14.
[9]    *Id.* at ¶ 21.
[10]   *Id.* at ¶ 22.
[11]   *Id.* at ¶ 23; *id.*, Ex. B [ECF No. 1-1].
[12]   *Id.* at ¶ 23.
[13]   *Id.* at ¶ 25.
[14]   *Id.* at ¶ 26.

ESCP failed to respond to the Complaint. Following a request by Balboa,[15] the Clerk entered default against ESCP.[16] In June 2024, Balboa filed the instant Motion. ESCP did not oppose the Motion.

## II. LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

This Court's Local Rules require an applicant for default judgment also to file a declaration that conforms to the requirements of Rule 55(b) of the Federal Rules of Civil Procedure and that includes the following information:

(a) When and against which party the default was entered;

(b) The identification of the pleading to which default was entered;

(c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative;

(d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and

---

[15] Pl.'s Request for Entry of Default Against Def. ESCP Corp. [ECF No. 11].

[16] Default by Clerk [ECF No. 12].

> (e) That notice of the application has been served on the defaulting party, if required by F[ed.] R. Civ. P. 55(b)(2).

L.R. 55-1.

If the applicant meets the procedural requirements, then "[g]ranting or denying a motion for default judgment is a matter within the court's discretion." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 919 (C.D. Cal. 2010) (internal quotation omitted). In exercising its discretion, a court may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (the "*Eitel* factors").

"Once a party's default has been entered, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party." *Landstar*, 725 F. Supp. 2d at 920. "The court, however, must still consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* (internal quotation omitted). "If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the amount and character of the relief that should be awarded." *Id.* (internal quotation omitted).

"Plaintiffs are required to prove all damages sought in the complaint, and such damages 'shall not be different in kind from, or exceed in amount, what is demanded in the pleadings.'" *Espresso Republic, LLC v. Coffee*, 2016 WL 7176564, at *2 (C.D. Cal. Dec. 7, 2016) (quoting Fed. R. Civ. P. 54(c)).

"'Plaintiff's burden in "proving up" damages is relatively lenient,'" but "sufficient facts, necessary to determine damages, must be provided to the court." *Id.* (quoting *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). "If the amount claimed in a judgment by default is unliquidated, the applicant may submit evidence of the amount of damages by declarations." L.R. 55-2. "Notice must be given to the defaulting party of the amount requested." *Id.*

### III. ANALYSIS

#### A. Procedural Requirements

Balboa has satisfied the procedural requirements for entry of default judgment by the Court. Pursuant to Rule 55, Balboa did not petition for entry of default judgment until after default was entered against ESCP by the Clerk. Additionally, the Motion and accompanying Densen Declaration[17] set forth the information required by the Local Rules of this Court.

#### B. Application of the *Eitel* Factors

In this case, the *Eitel* factors collectively weigh in favor of awarding default judgment.

##### 1. Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers whether the plaintiff will be prejudiced if default is not entered. If the Motion is not granted, then, in view of ESCP's failure to communicate with Balboa or engage in this action at all, Balboa "will likely be without other recourse for recovery." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). This factor therefore weighs in favor of granting the Motion.

---

[17] Decl. of Jared T. Densen (the "Densen Declaration") [ECF No. 14-2].

2. **Merits of Plaintiff's Claim and Sufficiency of Complaint**

The second and third *Eitel* factors assess the merits of the plaintiff's substantive claim and the sufficiency of the complaint. Those factors require the plaintiff to state a claim upon which it may recover. *See, e.g.*, *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

Under California law, "[t]he elements of a cause of action for breach of contract include the existence of a contract, the plaintiff's performance or excuse for nonperformance, the defendant's breach, and resulting damages to the plaintiff." *J.B.B. Inv. Partners Ltd. v. Fair*, 37 Cal. App. 5th 1, 9, *as modified* (July 1, 2019). "The first element—the existence of a contract . . . requires parties capable of contracting, their consent, a lawful object, and a sufficient cause or consideration." *Id.* "When a contract is reduced to writing," as it is in this case, "the intention of the parties is to be ascertained from the writing alone, if possible." Cal. Civ. Code § 1639. "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." Cal. Civ. Code § 1638. "Interpretation of a contract is solely a question of law unless the interpretation turns upon the credibility of extrinsic evidence." *Badie v. Bank of Am.*, 67 Cal. App. 4th 779, 799 (1998).

Here, Balboa has averred sufficiently detailed facts, now taken as true, to show that ESCP breached Financing Agreement No. 1 and Financing Agreement No. 2. Under Financing Agreement No. 1, Balboa loaned ESCP the sum of $69,564.70.[18] Under Financing Agreement No. 2, Balboa loaned ESCP the sum of $115,780.29.[19] In December 2023, ESCP breached both Financing Agreement No. 1 and Financing Agreement No. 2 by failing to make required

---

[18] Complaint ¶ 11.

[19] *Id.* at ¶ 23.

-7-

payments. Because ESCP has failed to appear, ESCP has not asserted any defenses. As such, the second and third *Eitel* factors favor Balboa.

### 3. Sum of Money at Stake in the Action

With respect to the fourth *Eitel* factor, "[d]efault judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). Here, Balboa requests a total of $135,041.40,[20] which includes the following:

- the principal amount due pursuant to the defaulted Financing Agreement No. 1 of $42,721.15;
- $4,076.36 in prejudgment interest for Financing Agreement No. 1 (as of December 30, 2024—404 days from November 22, 2023) at a rate of 10% *per annum* ($10.09 per day);
- $2,796.19 in attorneys' fees, calculated pursuant to the Local Rules, *see* L.R. 55-3;
- the principal amount due pursuant to the defaulted Financing Agreement No. 2 of $72,268.69;
- $8,173.27 in prejudgment interest (as of December 30, 2024—413 days from November 13, 2023) at a rate of 10% *per annum* ($19.79 per day);
- $515.00 in litigation costs incurred; and
- $4,490.74 in attorneys' fees, calculated pursuant to the Local Rules, *see* L.R. 55-3.[21]

Those amounts are plainly contemplated in the Financing Agreements themselves or the Local Rules; as such, they are reasonable for purposes of the *Eitel* inquiry. Thus, the fourth *Eitel* factor weighs in favor of default judgment.

---

[20] Motion 17:4.

[21] *See generally* Motion.

### 4. Possibility of a Dispute Concerning Material Facts

The fifth *Eitel* factor "considers the possibility that material facts are disputed." *Vogel*, 992 F. Supp. 2d at 1012. Upon entry of default, all well-pleaded factual allegations are deemed true—except those pertaining to damages. *TeleVideo Systems Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987); *Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). Because ESCP has neither appeared in this action, it is unlikely that disputes as to material facts will arise. Accordingly, this factor favors the entry of a default judgment.

### 5. Whether the Default Was Due to Excusable Neglect

The sixth factor addresses whether default was due to excusable neglect. Here, ESCP was properly served,[22] such that this factor favors default judgment. *See, e.g.*, *Globe Ent. & Media, Corp. v. Glob. Images USA*, 2022 WL 2703845 (C.D. Cal. July 11, 2022); *Tesoro Ref. & Mktg. Co. LLC v. Petroleum One, Inc.*, 2014 WL 814018 (C.D. Cal. Mar. 3, 2014).

### 6. Strong Policy Favoring Decision on the Merits

Finally, although "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, default judgment may be entered where a defendant fails to appear. *See, e.g.*, *PepsiCo*, 238 F. Supp. 2d at 1177. This factor does not preclude the entry of default judgment.

In sum, six of the seven the *Eitel* factors weigh in favor of default judgment and the last is neutral. Because the majority of the factors weigh in favor of default judgment, Balboa's Motion is **GRANTED**.

---

[22] Proof of Service [ECF No. 10].

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Balboa's instant Motion for default judgment [ECF No. 14] is **GRANTED**.

2. Judgment will issue accordingly.

**IT IS SO ORDERED.**

Dated: December 30, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE